UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:
    Robert V. Case,
                  Debtor.

Case No. 08-32072
Chapter 7

United States of America, Tax Division,

                          Plaintiff,        Adv. Proc. No. 08-50054

v.

Robert V. Case,
                          Defendant.

**Memorandum-Decision and Order Granting Plaintiff Summary Judgment on Count Two**

      United States of America, Tax Division, acting through the Office of the United States Attorney on behalf of the Internal Revenue Service ("Government"), filed this adversary proceeding in which it seeks: (i) denial of Debtor Robert V. Case's discharge based on his alleged failure to disclose his interests in personal and real property; and (ii) declaratory relief that Debtor's assessed and unpaid federal income taxes for tax years 1987 through 1994 and 1997 are nondischargeable. The nondischargeability counts are based on Debtor's failure to file tax returns for those years (count two) or, alternatively, on Debtor's alleged willful attempt to evade or defeat such taxes (count three).

      Debtor answered the complaint in general denial. He admitted, however, that he did not file tax returns for the years in question[1] and asserted various affirmative defenses. The Government has now moved for summary judgment on its second count, to which the Debtor has filed his opposition.

---

[1] See Debtor's Answer at ¶ 17 (Doc. 5).

*Jurisdiction*

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b) (2) (I) and (J).

*Case Backdrop and Procedural Posture of Adversary Proceeding*

Debtor filed this chapter 7 case *pro se* on August 11, 2008. On November 18, 2008, the Government filed this adversary proceeding objecting to Debtor's discharge and the dischargeability of its debt. Three days later, the Government moved to modify the automatic stay to proceed with federal tax litigation against the Debtor pending in district court. In that litigation, the Government sought (i) to obtain declaratory relief as to the Debtor's interest in various properties; (ii) to file notices of tax liens in excess of $345,000 against those properties that the Debtor is alleged to have fraudulently concealed and in which he is alleged to have an interest; and (iii) to obtain a money judgment.

The court granted the Government relief from the stay to proceed in all respects up through entry of judgment, including obtaining a determination as to the validity and amount of taxes owed by the Debtor for the tax years in question. The enforcement and collection on any such judgment recovered, however, remained subject to further order of this court. In light of the nexus between the issues to be addressed by the district court and those involved in determining dischargeability of the tax debt and Debtor's entitlement to a discharge, the court stayed proceedings in this adversary proceeding, pending resolution of the tax litigation or further order of this court. In the interim, the court requested the Government to provide periodic status reports as to the progress of the litigation on which these proceedings were dependent.

2

*Federal Tax Litigation*

In the related federal action, the Government sought to reduce to judgment the Debtor's assessed and unpaid federal income tax liabilities due to his failure to file tax returns for years ended December 31, 1987 through 1994 and 1997 ("Tax Years").[2] The allegations in the amended complaint in that action are identical to the allegations in the complaint in this proceeding with respect to (i) Defendant's failure to file tax returns for the Tax Years, (ii) the assessments made for the Tax Years, (iii) the inclusion of a chart that sets forth the tax year, type of tax, dates of assessments, unpaid assessed balances, penalties and interest and total amounts due, (iv) a recitation that on or about the date of each assessment, a delegate of the Secretary of the Treasury gave notice of each assessment to and made demand for payment upon Debtor, and (v) an allegation that despite said notices and demands for payment, Debtor has failed, refused, or neglected to pay the amount of the assessments in full.

On August 29, 2011, judgment was entered in the District Court Action against the Debtor based upon a memorandum-decision and order of The Honorable Frederick J. Scullin, Jr. which fixed Debtor's liability for the Tax Years at $361,351.35, plus statutory additions accruing since October 12, 2010.[3] Debtor moved for reconsideration of the Decision, which the District Court denied, and then appealed both the Decision and Judgment. On March 17, 2014, the Second Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the order appealed from was an interlocutory order and there remained disputed issues for resolution by the District Court before a final order would be entered.[4]

---

[2] See U.S. District Court Case No. 06-cv-570-FJS (N.D.N.Y.) ("District Court Action"), amended complaint at Doc. 45 at ¶¶ 7- 9.
[3] See Memorandum-Decision and Order at Doc. 83 in the District Court Action ("Decision") and Judgment at Doc. 84 in the District Court Action ("Judgment").
[4] See Mandate issued on March 17, 2014 in Case No. 11-4436 (2d. Cir. 2014) and entered of record as Doc. No. 93 on March 18, 2014 in District Court Action.

3

*Motion for Summary Judgment*

Before the court now is the Government's motion for summary judgment on count two of its § 523(a)(1)(B)(i) claim that certain assessed and unpaid federal income tax liabilities for the Tax Years are nondischargeable due to Debtor's failure to file tax returns.[5] The Government states that if it prevails on this claim, its other claims—seeking nondischargeability based on Debtor's alleged willful attempt to evade or defeat such taxes and denial of the Debtor's discharge—will be rendered moot.

In support of its Motion, the Government submitted a memorandum of law, a Statement of Undisputed Material Facts and tendered ten exhibits. Exhibits 1 through 8 are Assessments of federal income tax liability made against the debtor on May 13, 1996 for tax years 1987 through 1994. Exhibit 9 is an Assessment of federal income tax liability made against the Debtor on December 31, 2001 for tax year 1997. Exhibit 10 is a Certification of Lack of Record on IRS Form 3050 that no tax records were found pertaining to Robert V. Case for the Tax Years. Accompanying the Exhibits is Attorney Andrew A. DeMello's sworn declaration that Exhibits 1 through 9 are true and accurate copies of documents received from the Internal Revenue Service.

Debtor filed objections to the Motion and a memorandum of law. Debtor objected to the Exhibits alleging that Exhibits 1 through 9 provided no identification of the Robert V. Case referenced therein, with no social security number listed to link the Debtor to the Exhibits. The Government responded with the declarations of Laura Ingabire and Attorney DeMello. Ms. Ingabire attests that at the direction of Attorney DeMello, the documents were redacted to remove personally identifiable information from the forms prior to filing. The Government proffered the explanation that redacted Exhibits were filed to comply with Federal Rule of Bankruptcy

---

[5] See "United States' Motion for Summary disposition of a Contested Matter and Determination that Debtor's 1987-1994, and 1997 Tax Liabilities are not dischargeable with memorandum of law in support" at Doc. 39 ("Motion").

4

Procedure 9037[6] and to protect Defendant from the potential of identity fraud. Attorney DeMello declared that he was providing unredacted copies of the exhibits to the Debtor that contained all of the personal identifiers including the Debtor's social security number. To insure a complete record before the court, the court entered an Interim Order directing that Attorney DiMello file unredacted copies of the exhibits under Seal with the court. Attorney DiMello complied with this directive on October 17, 2016.[7]

## Discussion

### 11 U.S.C. § 523(a)(1)(B)(i)

Section 523 of the Bankruptcy Code provides, in pertinent part, that:

(a) A discharge under § 727 ... does not discharge an individual debtor from any debt—
    (1) for a tax ...;
        ...
        (B) with respect to which a return, ... if required—
            (i) was not filed.

---

[6] Rule 9037(a)(1) prohibits the inclusion of more than the last four digits of an individual's social security number on documents filed with the court.

[7] The record before the court consists of Plaintiff's ("Pl.") complaint (Doc. 1); Debtor's answer (Doc. 5) ("Answer"); order granting relief from the automatic stay (Doc. 6); Pl.'s motion for summary judgment (Doc. 30); Pl.'s memorandum of law (Doc. 40); Pl.'s statement of undisputed material facts (Doc. 41) and Exhibits 1-10 (Docs. 41-1 through 41-10); Debtor's objection to Motion (Doc. 45); Debtor's further objection to Motion (Doc. 48); Debtor's memorandum of law (Doc. 49); Declaration of Laura Ingabire in support of Pl.'s Motion sworn to on May 23, 2016 (Doc. 51); Declaration of Andrew A. De Mello in support of Pl.'s Motion sworn to on May 23, 2016 (Doc. 52) and Exhibits (Doc. 52-1 through 52-3); Pl.'s reply in support of Motion (Doc. 53); this court's Interim Order Regarding Pending Motion for Summary Judgment Directing Filing of Unredacted Exhibits Under Seal (Doc. 54); and Documents Filed Under Seal on October 17, 2016. Additionally, the court takes judicial notice of the following matters of public record filed in *United States of America v. Robert V. Case*, et al., Case No. 06-cv-570, (N.D.N.Y.) ("District Court Action"): Amended Complaint (Doc. 45); Order striking defendant Case's answer at Doc. 6 and his responses at Doc. 47 to allegations in the Amended Complaint (Doc. 72); Memorandum-Decision and Order (Doc. 83); Judgment (Doc. 84); Order denying motion for reconsideration of Doc. 83 (Doc. 92); and Order dismissing Case's appeal (Doc. 93).

5

11 U.S.C. § 523(a)(1)(B)(i).[8] To establish that the Debtor never filed returns for the Tax Years, the Government has submitted as an exhibit Internal Revenue Service ("IRS") Form 3050—Certification of Lack of Record—which indicates that after a diligent search, no record of Defendant's tax returns for the Tax Years were found.[9] The court finds this exhibit, however, to be unnecessary as Debtor admits in his Answer to the complaint that no tax returns were filed for the years at issue.[10] Accordingly, the court need not address the Debtor's objection to the court's consideration of Exhibit 10 as admissible evidence and relies instead on the Debtor's admission to find that the Debtor filed no tax returns for the Tax Years.

To establish that valid assessments of Defendant's unpaid income taxes, penalties and interest for the Tax Years were made, the Government relies upon IRS Forms 4340—Certificate of Assessments, Payments, and Other Specific Matters for each of the Tax Years ("Certificates of Assessments").[11]

Defendant has raised several objections. The objection that Exhibits 1–9 do not contain a personal identifier in the form of a social security number that connect the Exhibits to the Debtor has been affirmatively addressed by the documents filed under Seal. The court finds that the unredacted Exhibits clearly identify the Debtor, and the Debtor's objection in this regard is overruled. To afford this *pro se* Debtor, however, the appropriate degree of solicitude, the court shall look beyond the initial issues raised by his opposition to the redacted version of the Exhibits to consider the general admissibility of the Government's Exhibits into evidence. *Graham v.*

---

[8] The statute is self-effectuating and for that reason, the determination of nondischargeability is not within the sole jurisdiction of this court and can be made by any court of competent jurisdiction.
[9] Exhibit 10 of Plaintiff's Statement of Undisputed Facts (Doc. 41-10) ("Exhibit 10").
[10] See ¶17 to Defendant's answer (*"Defendant admits that to the best of his knowledge no tax returns were filed for the years set forth in paragraph 17 ...."*)
[11] Exhibits 1–9 of Plaintiff's Statement of Undisputed Facts (Docs. 41-1 through 41-9) (Exhibits 1–9).

6

*Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) ("[S]pecial solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment.").

The analysis begins with an examination of whether the Certificates of Assessments are self-authenticating. Courts have consistently held Certificates of Assessment to be self-authenticating pursuant to Fed. R. Evid. 902. *See In re Rosemiller*, 188 B.R. 129, 137 (Bankr. D.N.J. 1985) and the cases collected therein. For the reasons that follow, the court finds Exhibits 1–9, the Certificates of Assessments, to be self-authenticating under Fed. R. Evid. 902(4). The Rule provides that certified copies of public records are self-authenticating if the copy is

> [a] copy of an official record—or a copy of a document that was recorded or filed in a public office as authorized by law—if the copy is certified as correct by:
> (A) the custodian or another person authorized to make the certification; ...

Fed. R. Evid. 902(4). Here, the Certificates of Assessments are certified as accurate by an authorized person—Certifying Officer Claudette Johnson, who signed the Certificates of Assessments under authority of Commissioner Delegation Order KCSPC-11-5-01 ("Delegation Order"). They are copies of an official record as contemplated by Fed. R. Evid. 902(4)(A).

Ms. Johnson certified on each of the 9 exhibits

> that the foregoing transcript of [Defendant] in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto, as disclosed by the records of this office as of the account status date are shown therein...[and] that the other specified matters set forth in [the] transcript appear in the official records of the Internal Revenue Service.

The Certificates of Assessments constitute copies of data compilations drawn from the official records of the Internal Revenue Service and are self-authenticating under Fed. R. Evid. 902(4). *See United States of America v. Farris*, 517 F.2d 226, 228-9 (7th Cir. 1975) *cert. denied*, 432 U.S. 892 (1975) (holding that the United States Treasury Department's certified computer records were admissible as self-authenticating documents); *United States of America v. Ryan*, 969

7

F.2d 238, 240 (7th Cir. 1992) (same); *Brewer v. United States of America*, 764 F. Supp. 309, 318 (S.D.N.Y. 1991) (same). It is not necessary that a "public document" be accessible by the public, but rather that there be "evidence sufficient to support a finding that the item is what the proponent claims it is" and, specifically, with respect to public documents, that the public record "is from the office where items of this kind are kept." Fed. R. Evid. 901(b)(7). The court finds that the combined declaration of Attorney DeMello and certifications of Ms. Johnson are sufficient evidence that the Certificates of Assessments are what the Government claims them to be and that they are from the records of the Internal Revenue Service.

The court further finds that Exhibits 1–9 would be admissible over any hearsay or relevancy objections. The Certificates of Assessment fall within the exception to the hearsay rule under Fed. R. Evid. 803(8) as records of the activities of a public office and there has been no suggestion or appearance that the source of the information is untrustworthy. The records further fall within the ambit of Fed. R. Evid. 803(6), the exception to the hearsay rule for records of a regularly conducted activity. The records are certainly relevant as a determination of the tax liability of the Debtor.

An IRS assessment is presumptively correct. *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994). Certificates of Assessments and Payments are presumptive proof that a valid tax assessment has been made. *Schiff v. United States*, 1989 WL 119410, at *3 (D. Conn. Sept. 6, 1989), *aff'd*, 919 F2d 830 (2d Cir. 1990); *United States v. Sage*, 412 F. Supp. 2d 406, 415 (S.D.N.Y. 2006). The presumption of correctness extends to the calculations of the tax, interest, and any penalties that comprise that assessment. *United States v. Sweeny*, 418 F. Supp. 2d 492, 496 (S.D.N.Y. 2006). The taxpayer bears the burden of proving the invalidity of a tax assessment. *Pizzarello v. United States*, 408 F.2d 579, 583 (2d Cir. 1969), *cert. denied*, 396 U.S. 986 (1969).

Debtor argues that he was not "required" for the Tax Years to file tax returns. Yet the presumptive tax liabilities of the Debtor for those Tax Years as evidenced by the Certificates of Assessments and Payments strongly establishes otherwise. Apart from his mere denial, the Debtor has not introduced proof to overcome the presumptive correctness of the Certificates of Assessments.

The Debtor also raised objections as to service and notice of the Motion. The court finds that the Debtor was afforded ample notice and the opportunity to respond and that there has been no resulting prejudice to the Debtor. The balance of the Debtor's objections have been considered and deemed without merit or basis to change the outcome of this decision.[12]

## *Summary Judgment Standard*

Pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). When the moving party establishes that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The nonmoving party cannot satisfy his burden with "conclusory allegations,

---

[12] In Debtor's Objection at Doc. 45, Debtor complains that the Motion and related pleadings were not timely mailed to him. By amended certificate of service filed at Doc. 50, Attorney De Mello certifies to service of the Motion on the Debtor on March 21, 2016, in accordance with the March 2, 2016 order. Further, Debtor's observation that there was no notice of motion served upon him provides no basis for relief. Local Bankruptcy Rule 7056-1 instructs that in the Syracuse division motions for summary judgment are set by the court and oral argument on a motion for summary judgment is at the discretion of the court.

9

unsubstantiated assertions, or only a scintilla of evidence." *Perez v. United States of America*, 312 F.3d 191, 194 (5th Cir. 2002).

On summary judgment, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). The court must also consider the burden of proof the moving party would face at trial and award judgment against a party who has failed to make a sufficient showing on an essential element of a dispositive issue on which it shoulders the burden. *Celotex Corp.*, 477 U.S. at 322-23. The Government bears the burden of proving under § 523(a)(1)(B) by a preponderance of the evidence that its claims should be excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Langlois v. United States*, 155 B.R. 818, 820 (N.D.N.Y. 1993).

*Application of Standard to the Record Before the Court*

Based upon the Certificates of Assessments submitted into evidence by the Government, the burden of proof and persuasion shifted to the taxpayer to demonstrate that the IRS assessments were not valid. *McCombs*, 30 F.3d at 318. The burden applies to those taxpayers who have filed returns and to those who have not filed returns. If the presumption of correctness associated with the amount of the assessment is not rebutted, then the Government "is entitled to have the assessment reduced to judgment." *Sweeny*, 418 F. Supp. 2d at 496. Based upon the record before it, the court finds that the Government has met its burden of proving that Debtor was required to file tax returns but failed to do so for the indicated Tax Years. The Debtor's submissions are insufficient to rebut the presumptive correctness of the Assessments. Accordingly, all outstanding tax obligations of the Debtor for the Tax Years are found to be nondischargeable pursuant to 11

U.S.C. § 523(a)(1)(B)(i). Plaintiff's request for summary judgment is granted and a separate judgment shall issue in favor of Plaintiff on Count II of its complaint.

As to the remaining counts, this chapter 7 case appears to have been filed for the sole reason to discharge tax liabilities. Debtor's schedules reveal that Debtor's creditors consist of only the Internal Revenue Service/Department of Treasury, New York State Commissioner of Taxation and Finance, and an individual, Mark Thomas, who is owed $325. Ordinarily, given the usual expediency with which a chapter 7 case is administered, a debtor benefits for only a short time from the protections of the automatic stay. In this case, however, due to the pendency of this proceeding, the automatic stay—as modified by this court's order which granted relief for litigation to proceed but continued to stay enforcement of any judgment recovered—has continued for over 8 years. Should the Government wish to voluntarily dismiss its remaining counts and thus conclude this proceeding, the court will entertain a motion brought under Local Bankruptcy Rule 7041-1, on notice to all creditors.

As noted, a separate judgment shall issue in accordance with Fed. R. Civ. P. 58 declaring the liabilities owed by the Defendant for the Tax Years nondischargeable pursuant to 11 U.S.C. § 523(a)(1(B)(i).

So ordered.

Dated: January 13, 2017
Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge